IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III, #53740-037, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-00530-JPG ) |
| RANDALL PASS and LESLEE BROOKS, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Windsor Kessler, III, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this action for alleged deprivations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint (Doc. 1), Plaintiff claims that he has been denied medical care for liver and shoulder problems at USP-Marion. (Doc. 1, pp. 7-8). Randall Pass (doctor) and Leslee Brooks (physician's assistant) have allegedly refused to diagnose and treat both conditions. *Id*. Plaintiff now asserts claims against them for deliberate indifference and intentional infliction of emotional distress. *Id*. He seeks monetary damages and injunctive relief. (Doc. 1, p. 6).

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint,[1] Plaintiff alleges that Doctor Pass and Nurse Practitioner Brooks failed to diagnose and treat his liver and shoulder conditions at USP-Marion. (Doc. 1, pp. 7-8). He characterizes their refusal to treat him as deliberate indifference and intentional infliction of emotional distress. *Id*. Plaintiff seeks monetary damages against both defendants, as well as an order requiring them to properly diagnose and treat him. (Doc. 1, p. 6).

---

[1] In addition to the Complaint, the Court has considered a 1-page "Supplement" that Plaintiff filed on March 28, 2018. (Doc. 11). In the 1-page document, he describes pain and loss of sleep associated with his 2 undiagnosed medical conditions. *Id*. Plaintiff states that he is unable to treat the pain with nonsteroidal anti-inflammatory drugs (NSAIDs) because he suffers from gastroesophageal reflux disease (GERD) and NSAIDs area contraindicated. *Id*. Plaintiff suffers from borderline personality disorder and has also begun having suicidal thoughts that he attributes to the defendants' failure to diagnose and treat him. *Id*. Although the Court does not accept piecemeal amendments to a complaint, the Court construes this document as an exhibit to the Complaint and has considered it for screening purposes. *Id*.

1. **Possible Liver Damage**

Plaintiff alleges that he has high levels of bilirubin[2] and other liver enzymes. (Doc. 1, p. 7). These levels have remained elevated at all times since he arrived at the prison. *Id*. He believes that "something is going on" with his liver, but he does not know what is wrong. *Id*.

Doctor Pass and Nurse Practitioner Brooks are "well aware" of this issue. (Doc. 1, p. 7). However, they have denied Plaintiff's requests for further testing and treatment. *Id*. Plaintiff has conducted his own research and suspects that he may be suffering from a "potentially serious medical need." *Id*. After reviewing a book written by James L. Dickerson and Fredruck Regenstein, M.D., Plaintiff believes that his symptoms are consistent with cirrhosis. *Id*. He admittedly has no idea whether this diagnosis is correct, but he maintains that further evaluation is necessary given the elevated levels of bilirubin in his blood. *Id*. Plaintiff has unsuccessfully challenged the defendants' denial of his request for further testing and treatment through the prison's grievance process. *Id*.

2. **Shoulder Pain**

Plaintiff has also been denied treatment for persistent shoulder pain. (Doc. 1, p. 8). He has suffered from pain in his shoulder for more than 3 years, and it has increased in severity over time. *Id*. Plaintiff states that his shoulder "slip[s] partially out of joint" at times. *Id*. A shoulder x-ray showed no "bone issues." *Id*. Doctor Pass and Nurse Practitioner Brooks have denied Plaintiff's requests for further testing that includes an MRI and/or CT scan. *Id*.

---

[2] Bilirubin is a yellow-orange substance that is produced during the normal breakdown of red blood cells. It is removed from the body only after undergoing a chemical reaction in the liver, which converts the toxic form of bilirubin to a nontoxic form. *See* https://ghr.nlm.nih.gov (last visited April 4, 2018). Elevated levels of bilirubin may indicate liver damage or disease. *See* https://www.mayoclinic.org/tests-procedures/bilirubin/ (last visited April 4, 2018). Bilirubin testing is usually performed to investigate the presence of jaundice, determine whether a bile duct is blocked, investigate suspected drug toxicity, determine the presence and/or progression of liver disease (*e.g.*, hepatitis), etc. *Id*.

## Claims

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

> **Count 1 -** Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they denied his requests for further diagnostic testing and treatment for possible liver damage after learning that his bilirubin levels were elevated.
>
> **Count 2 -** Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they denied his requests for further diagnostic testing and treatment of his shoulder pain after an x-ray showed no damage to his bones.
>
> **Count 3 -** Defendants are liable for the intentional infliction of emotional distress based on their failure to diagnose and treat Plaintiff's elevated bilirubin levels and shoulder pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding the merits of these claims.

## Counts 1 and 2

The allegations in the Complaint support a claim in Counts 1 and 2 for a violation of the Eighth Amendment's proscription against cruel and unusual punishment arising from the provision of inadequate medical care and give rise to a cause of action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A claim brought pursuant to *Bivens* is the federal counterpart to a claim brought pursuant to 42 U.S.C. § 1983. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). Both types of claims "are conceptually identical and further the same policies." *Green*

*v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Because of the similarities between claims brought under § 1983 and *Bivens*, courts frequently look to § 1983 case law for guidance in construing the scope of the *Bivens* remedy. *Id*. The Court has looked to case law in both contexts when evaluating the claims in this matter. *See Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2002) (With limited exceptions, "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983."); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

A prisoner's claim for the denial of medical care consists of an objective and a subjective component. *See, e.g., Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 427-28 (7th Cir. 2017). To satisfy the objective component of the claim, the plaintiff must demonstrate that he suffered from a sufficiently serious medical condition. *Id*. at 428 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016) (en banc)). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or the need for treatment would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). To satisfy the subjective component, the plaintiff must demonstrate that the defendants responded to his serious medical condition with the requisite state of mind of deliberate indifference. Deliberate indifference is shown when prison officials "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

It is unclear at this early stage whether the allegations offered in support of Count 1 demonstrate a sufficiently serious medical condition. Although Plaintiff was allegedly diagnosed with elevated bilirubin levels, no medical professional indicated that further testing or treatment

5

was necessary. Plaintiff's medical records describe his bilirubin levels as only "slightly elevated" and his "liver enzymes" as "normal on recent testing." (Doc. 1-2, p. 9). The normal range for total bilirubin is listed as 0.1 to 1.1 mg/dL. (Doc. 1-2, p. 2). Plaintiff's total levels are listed as 1.9 mg/dL as of November 30, 2017. *Id*. Although Plaintiff suspects possible cirrhosis (Doc. 1-2, p. 12), he admittedly has no idea whether this diagnosis is correct. Moreover, he describes no other symptoms, which suggest that he is suffering from a serious medical condition related to high bilirubin levels. The only symptom noted in his medical records is a "light brown stool at times." (Doc. 1-2, p. 7). Whether his condition is serious remains to be seen. Plaintiff is unable to order additional diagnostic testing on his own, and the defendants refuse to do so. Given these considerations and the liberal pleading standard applicable to *pro se* prisoner complaints at this early stage, the Court will not dismiss Count 1 for failure to satisfy the objective component of the claim.

Plaintiff describes his shoulder pain as prolonged, persistent, and increasing in severity. A medical condition is considered objectively serious if the "failure to treat it could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's allegations suggest just that. He asserts that his pain has increased with time, and the defendants have taken inadequate steps to diagnose or treat the condition. The objective component of Count 2 is satisfied for screening purposes.

The allegations satisfy the subjective component of both claims at this stage. According to Complaint, the defendants refused Plaintiff's requests for further evaluation and treatment of both conditions, after initial tests showed elevated bilirubin levels and failed to pinpoint the source of Plaintiff's shoulder pain. Plaintiff asked for a specific battery of diagnostic tests, and the defendants ordered none. The defendants' refusal to order the tests is not necessarily

deliberate indifference. "[T]he Constitution is not a medical code that mandates specific treatment" or perfect health. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). At the same time, Plaintiff is not required to demonstrate that he was actually ignored. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). A medical professional's persistent course of ineffective treatment may rise to the level of deliberate indifference, where it exacerbates a plaintiff's injuries, prolongs his pain, or proves to be ineffective. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)). Likewise, a delay in treating a non-life-threatening condition can amount to deliberate indifference if the delay exacerbates the injury or unnecessarily prolongs an inmate's pain. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011). The defendants' decision to monitor, rather than diagnose and treat, Plaintiff's conditions may amount to deliberate indifference. At this juncture, the Court will not dismiss Count 1 or 2 against the defendants.

Counts 1 and 2 shall receive further review against both defendants. However, these claims shall only proceed against the defendants in their individual capacities. *Yeadon v. Lappin*, 423 F. App'x 627, 629 (7th Cir. 2011) (no *Bivens* action against federal employees in their official capacities). In connection with Plaintiff's request for injunctive relief, the Court shall direct the Clerk to add the warden, in his or her official capacity, for purposes of carrying out any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (prison official responsible for carrying out injunctive relief should be named as a defendant in his or her official capacity).

## Count 3

Plaintiff's claim against the defendants for intentional infliction of emotional distress arises under state tort law, not federal constitutional law. Typically, claims for state tort law violations by federal officials acting within the scope of their employment are brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Plaintiff did not bring this action under the FTCA. He also did not name the United States as a defendant.

Moreover, the allegations fall short of stating a claim upon which relief may be granted. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendants intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993)).

The allegations in the Complaint do not satisfy any of these requirements. There is no suggestion that either defendant engaged in extreme and outrageous conduct or knew that his or her conduct would, in fact, cause plaintiff to suffer severe emotional distress. Further, Plaintiff

relies largely on conclusory allegations of emotional distress in support of this claim. Count 3 shall therefore be dismissed without prejudice against both defendants.

### Pending Motions

Plaintiff's Motion to Appoint Counsel and Allot Funds for an Expert Opinion (Doc. 8) shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion to Add Evidence to the Record (Doc. 11), which the Court construes as a request to include the plaintiff's affidavit as an exhibit to the Complaint, is **GRANTED**. The Court considered the affidavit when screening the Complaint pursuant to 28 U.S.C. § 1915A.

### Disposition

The Clerk is **DIRECTED** to **ADD** the **WARDEN of the UNITED STATES PENITENTIARY – MARION, IL (in his or her official capacity only)** as a defendant for purposes of carrying out any injunctive relief that is ordered in this matter.

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** against Defendants **RANDALL PASS** and **LESLEE BROOKS (individual capacity only)** survive screening and will receive further review. However, the official capacity claims in **COUNTS 1** and **2** against these defendants are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice against Defendants **RANDALL PASS** and **LESLEE BROOKS** for failure to state a claim upon which relief may be granted.

As to **COUNTS 1** and **2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **RANDALL PASS, LESLEE BROOKS,** in their individual capacities only, and Defendant **WARDEN of the**

**UNITED STATES PENTITENTIARY – MARION, IL,** in his or her official capacity only; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **PASS, BROOKS,** and **WARDEN of the UNITED STATES PENITENTIARY – MARION, IL,** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel and Allot Funds for an Expert or, Alternatively, Dismiss Case (Doc. 8).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge**

---

[3] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 4, 2018**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
