# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL PASS, LESLEE BROOKS and WARDEN OF USP-MARION,<br><br>Defendants. | Case No. 18-cv-530-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 70) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny plaintiff Windsor W. Kessler III's motion for a preliminary injunction (Doc. 29). Magistrate Judge Wilkerson held a hearing on Kessler's motion on September 6, 2018, before issuing the Report. Kessler has objected to the Report (Doc. 74).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Kessler filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), alleging that defendants Randall Pass and Leslee Brooks, medical providers at USP-Marion, where Kessler is incarcerated, were deliberately indifferent to his serious medical need for diagnosis and treatment of his right shoulder pain and

a liver condition. In his motion for a preliminary injunction, Kessler seeks a referral to a hepatologist for his suspected liver condition and a referral to an orthopedist for his shoulder.

In the Report, Magistrate Judge Wilkerson noted that the observations by medical personnel—a normal range of motion in Kessler's shoulder, a prior negative x-ray, no signs of physical problems, intermittent or lack of pain complaints from Kessler—were not consistent with Kessler's subjective shoulder complaints and alleged functional limitations. He further noted that, despite those findings, Kessler was prescribed physical therapy and instructed on exercise, and Dr. Pass recently ordered an MRI, which was done after the preliminary injunction hearing.

Magistrate Judge Wilkerson noted that, with respect to Kessler's suspected liver condition, Kessler was given regular blood tests to check for liver indicators, had normal CT and ultrasound scans, and has been diagnosed with Gilbert's Syndrome, a common, harmless liver condition that explains one irregularity in Kessler's blood tests. Otherwise, Kessler's blood tests for liver function suggested no liver abnormality and no need for further testing or treatment of the liver.

Magistrate Judge Wilkerson observed that Kessler had received significant healthcare for these and other health problems from the defendants and that it appears he is simply not satisfied with that care. Magistrate Judge Wilkerson concluded that, although Kessler has at least some chance of success on the merits of his deliberate indifference claim, he has not shown he will suffer irreparable harm or needs immediate relief. Neither Kessler's shoulder nor suspected liver condition poses any immediate need for referral to a specialist or for an order directing different medical treatment, especially in light of the ongoing efforts to evaluate and treat

Kessler's problems by the USP-Marion medical staff. As such, Magistrate Judge Wilkerson concluded that an injunction would serve no purpose at this time in light of Kessler's ongoing care.

In his objection, Kessler takes issue with a number of statements in the Report that were not necessary to Magistrate Judge Wilkerson's conclusions or recommendations, for example, because Magistrate Judge Wilkerson concluded that Kessler has a chance of success on the merits.[1] There is no need to address the accuracy of those statements. Apparently conceding he has not shown irreparable harm, Kessler contends he cannot make such a showing without a diagnosis. Finally, he takes issue with Magistrate Judge Wilkerson's statement that his shoulder condition does not interfere with his activities of daily living where Kessler testified it wakes him up at night and causes his problems when drying off after a shower. The Court finds, however, that those impairments do not amount to irreparable harm while the defendants and other USP-Marion medical staff continue a search for a solution to Kessler's shoulder problem.

The Court has conducted a *de novo* review of the Report and finds that it is correct for the reasons set forth therein. While Kessler has shown he has a non-negligible chance of prevailing on the merits, he has not shown he will suffer irreparable harm before the final resolution of this case. If he ultimately prevails, any harm he suffers will likely be compensable through money damages. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 70);
- **OVERRULES** Kessler's objections (Doc. 74); and

---

[1] In addition, Kessler appears to cite to portions of the hearing—for example, on the first page of his objection he cites to "Hearing 000081-82"—but the Court cannot discern to what he is referring. There was no hearing transcript prepared, and the audio recording of the hearing—to which the Court has listened—is not measured by any scale that corresponds to such a citation.

- **DENIES** Kessler's motion for a preliminary injunction (Doc. 29).

**IT IS SO ORDERED.**
**DATED:   October 26, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**