IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RANDALL PASS, LESLEE BROOKS, and )<br>WARDEN OF THE UNITED STATES )<br>PENITENTIARY – MARION, ILLINOIS, )<br>)<br>    Defendants. ) | Case No. 3:18-cv-530-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel (Doc. 49), the Motion to Amend the Complaint (Doc. 50), the Motion to Compel and/or Subpoena (Doc. 64), and the Motion to Request for Court Intervention (Doc. 75) filed by Plaintiff.

Plaintiff's request for counsel is **DENIED** (Doc. 49) for the reasons set forth in this Court's previous Order (Doc. 25). Plaintiff appears capable of litigating this matter and the issues at stake are not complicated.

Plaintiff's motion to amend is **DENIED WITHOUT PREJUDICE** (Doc. 50). Plaintiff is proceeding on two claims of deliberate indifference at to two discrete medical conditions, liver damage and shoulder pain. In his proposed amended complaint, he seeks to add a claim for medical negligence and proposes a claim for retaliation. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff's motion was filed before the

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RANDALL PASS, LESLEE BROOKS, and )<br>WARDEN OF THE UNITED STATES )<br>PENITENTIARY – MARION, ILLINOIS, )<br>)<br>    Defendants. ) | Case No. 3:18-cv-530-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel (Doc. 49), the Motion to Amend the Complaint (Doc. 50), the Motion to Compel and/or Subpoena (Doc. 64), and the Motion to Request for Court Intervention (Doc. 75) filed by Plaintiff.

Plaintiff's request for counsel is **DENIED** (Doc. 49) for the reasons set forth in this Court's previous Order (Doc. 25). Plaintiff appears capable of litigating this matter and the issues at stake are not complicated.

Plaintiff's motion to amend is **DENIED WITHOUT PREJUDICE** (Doc. 50). Plaintiff is proceeding on two claims of deliberate indifference at to two discrete medical conditions, liver damage and shoulder pain. In his proposed amended complaint, he seeks to add a claim for medical negligence and proposes a claim for retaliation. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff's motion was filed before the

deadline to amend pleadings. As such, the Court considers the motion timely and will not require the heightened showing of good cause. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011).

A claim for medical negligence made in Illinois and pursuant to the Federal Tort Claims Act is subject to the requirements of the Illinois' Healing Art Malpractice Act. 735 ILL.COMP.STAT. § 5/2-622; *see also Gipson v. United States*, 631 F.3d 448, 451-2 (7th Cir. 2011) (Indiana); *Bowen v. United States*, 570 F.2d 1311, 1315-6 (7th Cir. 1978) (Illinois). The statute provides that a plaintiff must file an affidavit with a complaint[1] declaring one of three things: first, that the affiant has consulted with a qualified health professional who determined that the plaintiff has a reasonable and meritorious claim and who has drafted a written report that is attached to the affidavit; second, that the affiant is unable to so consult because it could not be done prior to the running of a statute of limitations (in which case the certification and written report must be filed within 90 days of filing the complaint); or third, that a request for records has been made but have not been produced, in which case, the affidavit and report are due 90 days after the records are received. *Id.*; 735 ILL. COMP.STAT. § 5/8-2001.[2]

Plaintiff has filed no affidavit along with his proposed amended complaint. Plaintiff also does not indicate that an affidavit will be forthcoming. As such, his proposed amendment is futile at this time. Plaintiff may refile this motion along with the necessary affidavit. As to Plaintiff's

---

[1] Whether or not Plaintiff is required to file such an affidavit at the time of his complaint may be open to debate. *See Parker v. United States*, 721 Fed.Appx. 531, 533 (7th Cir. 2018) (suggesting in dicta that a complaint filed in federal court need not include evidence, such as the affidavit required by state law); *but see Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (stating that dismissal is mandatory if a plaintiff fails to abide by the affidavit requirement); *Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014) (concerning this statute in particular). No Court in this District has waived the affidavit requirement.

[2] The text of this statute was recently amended in a manner that does not affect its applicability to this matter. *See* 2018 Ill. Legis. Serv. P.A. 100-814 (H.B. 4848) (West).

proposed retaliation claim, he states that he does not intend to make such a a claim at this time and will seek to amend after he has exhausted his administrative remedies.

Plaintiff's Motion to Compel/ for subpoena (Doc. 64) is **DENIED AS MOOT**. This motion is related to Defendants' now withdrawn motion for summary judgment on exhaustion (Docs. 44, 67, 69). Plaintiff's "Request for Court Intervention" (Doc. 75) also is **DENIED**. Much of this motion appears related to the exhaustion of administrative remedies that no longer is at issue in this lawsuit (Plaintiff asserts that documents related to his administrative remedies have been fabricated in this case and with respect to another tort claim). He also states that he cannot fully respond to requests to produce because he does not have access to documents. Plaintiff is not required to produce documents he does not have; he need only state that he does not have the document or does not have access to them in response to the requests to produce. To the extent that Plaintiff believes that any of the documents are related to a claim or defense (and that they have been altered or fabricated), he can present them along with a response to a motion for summary judgment or at trial.

Finally, Plaintiff's Motion to Stay (Doc. 85) is **DENIED** and the Notices (Docs. 86 and 87) are **STRICKEN**. To the extent that Plaintiff seeks to amend his complaint, he must file a motion pursuant to Rule 15. To the extent that Plaintiff seeks additional injunctive relief, he must file a motion consistent with Rule 65.

**DATED: November 15, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**