UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WINDSOR W. KESSLER, III,

    Plaintiff,

    v.

RANDALL PASS, LESLEE BROOKS and
WARDEN OF USP-MARION,

    Defendants.

Case No. 18-cv-530-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Windsor W. Kessler III's appeal (Doc. 91) of Magistrate Judge Donald G. Wilkerson's November 15, 2018, order (Doc. 88) denying Kessler's Motion for Recruitment of Counsel (Doc. 49), Motion to Amend the Complaint (Doc. 50), Motion to Compel and/or Subpoena (Doc. 64), Request for Court Intervention (Doc. 75), and Motion to Stay (Doc. 85). The Court also considers Kessler's Second Motion for Sanctions (Doc. 93), Motion for an order for the staff to stop retaliating (Doc. 94) and Motion for Recruitment of Counsel (Doc. 95)

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Kessler filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), alleging that defendants Randall Pass and Leslee Brooks, medical providers at USP-Marion, where Kessler is incarcerated, were deliberately

indifferent to his serious medical need for diagnosis and treatment of his right shoulder pain and a liver condition.

The Court has reviewed Magistrate Judge Wilkerson's rulings on several of Kessler's motions and finds, for the reasons stated therein and incorporated by reference to prior orders, that those rulings are not clearly erroneous or contrary to law.

I. **Amendment of Complaint**

In Kessler's motion for leave to amend his complaint (Doc. 50), he asks to add a claim under the Federal Tort Claims Act ("FTCA") based on federal employees' medical malpractice under Illinois law. Magistrate Judge Wilkerson denied Kessler's motion because he failed to attached the affidavit required by the Illinois Healing Arts Malpractice Act, 735 ILCS 5/2-622(a), stating either that (1) he has consulted with a medical professional who has stated in a report that there is a reasonable and meritorious cause for filing a medical malpractice claim, (2) he is unable to obtain the required medical report to file with the complaint before the expiration of the limitations period, or (3) he has requested and is awaiting copies of his medical records. Kessler's proposed amended complaint did not include *any* affidavit intended to satisfy the requirements of 735 ILCS 5/2-622(a), which has been considered a substantive element of a cause of action for medical malpractice under Illinois state law, *see Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014). In these circumstances, Magistrate Judge Wilkerson was right to find amendment would have been futile based on the tendered amended complaint alone.

In his appeal, however, Kessler argues that his motion for recruitment of counsel (Doc. 49), which was sworn under penalty of perjury, suggested that he was unable to provide the required medical report without counsel. He argues that the motion satisfies the requirement of 735 ILCS 5/2-622(a)(2) for an affidavit stating he was unable to obtain the required medical

report to file with the complaint before the expiration of the limitations period. The Court believes that the substance of Kessler's motion for recruitment of counsel is close enough to the affidavit referred to in 735 ILCS 5/2-622(a)(2) to allow the conclusion that Kessler's proposed amended complaint, along with his motion for recruitment of counsel, is not futile. Accordingly, the Court will allow amendment of the complaint to add an FTCA claim based on the same conduct at issue in Kessler's *Bivens* claim. Although the filing will be recorded as filed the day the Clerk's Office dockets it, for statute of limitations purposes the Court will deem the Amended Complaint filed July 11, 2018, the day Kessler placed his proposed Amended Complaint in the prison mail system to be sent to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

However, under 735 ILCS 5/2-622(a)(2), if a plaintiff files an affidavit that he is unable to obtain the required report before the limitations period expires, he must submit the required affidavit and medical report described in 735 ILCS 5/2-622(a)(1) within 90 days of filing the complaint. The Court will allow Kessler 90 days to file that affidavit and report. Should he fail to file the affidavit and report in a timely manner, the Court will dismiss Kessler's FTCA claim pursuant to its authority under 28 U.S.C. § 1915A.

## II.     Recruitment of Counsel

With respect to Kessler's motion for recruitment of counsel (Doc. 49), Kessler argued that he needed counsel because he could not afford to hire a medical professional to provide the required report. Magistrate Judge Wilkerson found that Kessler was competent to represent himself at this stage of the case (Docs. 88 & 25), and, indeed, he appears to be doing a fine job so far. However, the Court believes there are substantial obstacles to Kessler's obtaining the required affidavit and medical report and that it is advisable to recruit counsel for Kessler for this

limited purpose. Accordingly, the Court reconsiders Magistrate Judge Wilkerson's denial of recruitment of counsel and will recruit counsel for the limited purpose of reviewing Kessler's medical records, which it appears Kessler already has in his possession, and attempting to obtain the documents required by 735 ILCS 5/2-622(a)(1) to support Kessler's FTCA/medical malpractice claim. If counsel is unable, after reasonable diligence, to locate a qualified medical professional who is willing and able to certify that there is a reasonable and meritorious basis for Kessler's FTCA/medical malpractice claim, counsel may move to withdraw on that basis. Counsel's representation does not extend to "protecting Kessler from retaliation" as requested in Kessler's most recent motion for recruitment of counsel (Doc. 95), which the Court will deny for the reasons given by Magistrate Judge Wilkerson. Nor does it extend to continued representation of Kessler beyond obtaining/filing the affidavit and medical report required by 735 ILCS 5/2-622(a)(1) or determining that such a report is not available with due diligence. If counsel is unable to do this within the 90 days allowed in the previous section of this order, he may petition for a reasonable extension of time.

**III.     Motion to Compel and/or Subpoena and Request for Court Intervention**

With respect to Kessler's motion to compel and/or subpoena (Doc. 64) and request for Court intervention (Doc. 75), the Court does not fully understand what Kessler is saying in his appeal. However, it has reviewed his original motions as well as Magistrate Judge Wilkerson's rulings and finds those rulings are not clearly erroneous or contrary to law. Accordingly, it will affirm those rulings.

**IV.     Other Matters**

Kessler does not object to Magistrate Judge Wilkerson's denial of his motion to stay (Doc. 85) and his decision to strike two notices (Docs. 86 & 87).

4

Kessler has also filed the Second Motion for Sanctions (Doc. 93). In that filing, he alleges that defendant Brooks put incorrect information in his medical file and misinformed him about his medication regimen; that other medical staff created false notes in his file and communicated false information to him orally; and that other staff wrote false incident reports about him and retaliated against him. To the extent Kessler believes the defendants and others are being dishonest and creating false records, he may present evidence of such dishonesty and false records on summary judgment or at trial. At this point, however, sanctions are not warranted. Additionally, Kessler has no claim for retaliation in this case. If he wants to raise such a claim, he must exhaust his administrative remedies and file a new lawsuit. The Court will not issue sanctions in this case based on any such alleged retaliation.

Kessler also asks for an order for the staff to stop retaliating (Doc. 94). As noted above, Kessler's claim for retaliation is beyond the scope of this lawsuit, and this request seeks an order enjoining individuals who are not parties to this case. The relief Kessler requests is not appropriate in this case.

V. Conclusion

In sum, the Court:

- **AFFIRMS** Magistrate Judge Wilkerson's November 15, 2018, order (Doc. 88) but **RECONSIDERS** several rulings therein;

- **GRANTS** Kessler's motion for leave to amend his complaint (Doc. 50) to add a claim under the FTCA based on federal employees' medical malpractice under Illinois law. The Clerk of Court is **DIRECTED** to file Kessler's tendered Amended Complaint with his Motion for Recruitment of Counsel (Doc. 49) as an attachment. Kessler shall have 90 days from the filing of the complaint (or any extension of time granted by the Court) to submit the documentation required by 735 ILCS 5/2-622(a)(1);

- **GRANTS** Kessler's motion for recruitment of counsel (Doc. 49) for the limited purpose of reviewing Kessler's medical records and investigating whether it is possible to obtain and file the documents required by 735 ILCS 5/2-622(a)(1) to support Kessler's

FTCA/medical malpractice claim in Count II of his Amended Complaint. The matter of recruitment of counsel is **REFERRED** to Magistrate Judge Wilkerson;

- **STAYS** this case pending counsel's efforts to obtain and file the documents required by 735 ILCS 5/2-622(a)(1). Other filings made during the period of the stay may be stricken without further notice unless there is a compelling reason to accept them;

- **DENIES** Kessler's renewed Motion for Recruitment of Counsel generally (Doc. 95);

- **DENIES** Kessler's Second Motion for Sanctions (Doc. 93); and

- **DENIES** Kessler's request for an order for the staff to stop retaliating (Doc. 94).

**IT IS SO ORDERED.**
**DATED: December 20, 2018**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**