IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR W. KESSLER, III, #53740-037, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-00530-JPG ) |
| RANDALL PASS, LESLEE BROOKS, and USA, | ) ) ) ) ) |
| Defendants. | ) |

# ORDER DISMISSING CASE

**GILBERT, District Judge:**

On March 5, 2018, Plaintiff Windsor Kessler, III, filed this action for alleged deprivations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). He complained of the denial of medical care for liver and shoulder problems at the United States Penitentiary in Marion, Illinois ("USP-Marion"). (*Id*. at pp. 7-8). The Complaint survived review under 28 U.S.C. § 1915A. (Doc. 13). Plaintiff was allowed to proceed with two Eighth Amendment claims against Randall Pass (doctor) and Leslee Brooks (physician's assistant) for exhibiting deliberate indifference to Plaintiff's liver condition (Count 1) and right shoulder pain (Count 2). (*Id*. at pp. 9-10).

On July 11, 2018, Plaintiff submitted a Motion for Leave to Amend Complaint in order to add a claim in Count 2 against the United States under the Federal Tort Claims Act ("FTCA") for the federal employees' medical malpractice under Illinois law. (Doc. 50). The Court granted him leave to proceed with this additional claim in Count 2 against the United States. (Doc. 98). The Amended Complaint was filed in CM/ECF on December 21, 2018. (Doc. 99).

1

In order to proceed any further with Count 2, however, the Court explained that Plaintiff needed to file an affidavit and medical report consistent with 735 ILCS 5/2-622(a) within 90 days (on or before March 20, 2019). (Doc. 98, pp. 5-6). Counsel was recruited on Plaintiff's behalf to review his medical records and investigate the possibility of obtaining and filing the required documents. (*Id*.). The case was stayed while Plaintiff's counsel completed this step. (*Id*.). Plaintiff was warned that failure to file both the report and affidavit in a timely manner would result in dismissal of the FTCA claim. (*Id*.). The Court never received these documents.

Almost a year after the stay was imposed and while Plaintiff's Third Motion for Extension to File 622 Affidavit was pending (Doc. 120) in November 2019, the Seventh Circuit Court of Appeals issued a decision indicating that the affidavit and report required by 735 ILCS 5/2-622 are not due until the summary judgment stage of the case. *See Young v. United States*, No. 18-3415, 2019 WL 5691878 (7th Cir. Nov. 4, 2019). In light of this holding, the Court lifted the stay and set deadlines for discovery and dispositive motions. (Doc. 124, p. 3). The Court also relieved Plaintiff's attorney of his assignment and his only obligation in this case, *i.e.*, to obtain and file the affidavit and report in support of Count 2. (*Id*.). The Court reasoned that Plaintiff was no longer incarcerated and could either represent himself going forward or retain an attorney on his own.[1] (*Id*. at p. 2). He has demonstrated no efforts to do either or to move this matter forward, likely because he did not receive this Order.

Although a copy of the Court's Order (Doc. 124) was sent to Plaintiff at the address on file for him on November 18, 2019, it was returned undeliverable on January 13, 2020. (Doc. 128). Subsequent Orders were likewise returned undeliverable. (*See* Docs. 125, 126, 127, and 130). The Court will not allow this matter to linger indefinitely.

---

[1] He was invited to re-file a Motion for Recruitment of Counsel, if he was unable to successfully locate counsel to assist him. (Doc. 124, p. 2).

Plaintiff was repeatedly warned that he must update his address with the Court within seven days of any address change. (*See* Doc. 3, p. 1; Doc. 9, p. 3; Doc. 13, p. 11). He was also warned that failure to do so may result in dismissal of the action for want of prosecution. (*Id.*) (citing FED. R. CIV. P. 41). Plaintiff nevertheless failed to update his address.

On January 14, 2020, the Court entered an Order to Show Cause why this case should not be dismissed as a whole for failure to comply with a court order and for failure to prosecute his claims. (Doc. 129). Plaintiff was warned that failure to respond by the court-imposed deadline (February 4, 2020) would result in dismissal of the case. (*Id.*). Plaintiff did not respond to the show cause order. At least a week has passed since this deadline expired, and the Court has received no communication from Plaintiff. During this same time period, another Order was returned to the Court undeliverable. (Docs. 126 and 130). The Court will not allow this matter to linger any longer.

The action shall be dismissed with prejudice, based on Plaintiff's failure to comply with the Court's Orders to update his address (*See* Doc. 3, p. 1; Doc. 9, p. 3; Doc. 13, p. 11), his failure to respond to the Court's Order to Show Cause (Doc. 129), and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders to update his address (Docs. 3, 9, and 13), his failure to respond to the Show Cause Order (Doc. 129), and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

*Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that **COUNTS 1** and **2** are **DISMISSED** with prejudice against Defendants **RANDALL PASS, LESLEE BROOKS,** and **USA**.

**IT IS ORDERED** that all pending motions (Docs. 72 and 90) are **DISMISSED** as **MOOT**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 11, 2020**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**